IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES ALLEN, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GWINNETT SPRINKLER COMPANY, | ) | JURY TRIAL DEMANDED |
| INC., | ) | |
| CHAZ AHMED, | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff James Allen (hereinafter "Plaintiff"), and files this lawsuit against Defendants Gwinnett Sprinkler Company, Inc., and Chaz Ahmed (hereinafter collectively "Defendants"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief, liquidated and actual damages for

Defendants' failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

*seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants

(hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and

28 U.S.C. §1343(4).

4.

Defendant Gwinnett Sprinkler Company, Inc. is a Georgia corporation, and

the unlawful employment practices described herein occurred at 745 Industrial

Parkway, Lawrenceville, GA, 30046. Accordingly, venue in this Court is proper

pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from 12/16/2004 through 3/18/2011 as a Fire Protection/Sprinkler Designer.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

8.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

9.

Defendants employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant Gwinnett Sprinkler Company, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Chaz Ahmed ("Ahmed") is a resident of Georgia, and at all relevant times was an officer, director and/or owner of Defendant Gwinnett, which is a closely held corporation.

13.

Gwinnett Sprinklers designs and installs fire protection sprinkler systems for commercial applications.

14.

Gwinnett Sprinkler Company, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

15.

Defendant Chaz Ahmed is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV.  Facts

4

17.

Plaintiff worked for the Defendants within the past three years.

18.

Plaintiff's duties primarily consisted of designing sprinkler systems under
the supervision of a Design Manager.

19.

The Design Manager informed Plaintiff of the specifications required for the
particular system and would design the system according to the specifications he
recieved.

20.

After designing a sprinkler system, the Designer would submit the design to
the Design Manager for approval.

21.

The Design Manager would at each step review the Designer's progress to
insure accuracy of the design, the economy of the installation, the schedule, and
any other items that affect the result of a quality product.

22.

The position of Fire Protection/Sprinkler Designer required no formal education or degree as a pre-requisite.

23.

Plaintiff does not have a college degree or any specialized education after high school.

24.

No other Fire Protection/Sprinkler Designer had completed any formal advanced scientifc or technical educational degree programs.

25

The requirements of the position are an understanding of the building code and applicable NFPA codes as well as an understanding of sprinker system installation.

26.

The position did not require an advanced degree in any scientific or technical field.

27.

Plaintiff did not manage any other employees.

28.

Plainitff  works on the production side of the company designing the

products that the company sells, fire sprinklers.  He does not work on the internal

operations of the company.

29.

During Plaintiff's employment with the Defendants, Plaintiff was not paid

the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the

occasions that Plaintiff worked over forty (40) hours in a workweek.

30.

Plaintiff would sign in when he began work and out every day when he

finished work day on a sign in sheet.

31.

Plaintiff's sign in/out sheets are an accurate representation of the hours he

worked for the Defendants.

32.

Plaintiff was classified as a non-exempt employee.

33.

Defendant Ahmed became aware of the requirements of the FLSA as well after buying Gwinnett Sprinkler in 1999.

34.

Defendant Ahmed was sued by employees of Gwinnett Sprinkler Company for unpaid overtime in 2008.

35.

Defendant Ahmed consulted an attorney familiar with the requirements of the FLSA as part of defending the 2008 lawsuit.

36.

Defendant Ahmed knew about his responsibilities to pay his employees time and half for their hours over forty, yet did not pay Plaintiff his overtime wages owed.

37.

Instead, Defendant Ahmed told Plaintiff that he appreciated Plaintiff working overtime without pay and wished that he had more people like the Plaintiff.

38.

Plaintiff's regular rate was $26.75 an hour.

39.

Plaintiff's overtime rate was $40.12 an hour.

40.

From May 2008 until March 2011 Plaintiff worked 1257 hours of overtime.

41.

Plaintiff was not paid the required time and a half differential for the

overtime hours he worked between May 2008 and March 2011.

## V.  Violation of the Overtime Wage Requirement

## of the Fair Labor Standards Act.

42.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

43.

Defendants, individually and collectively, jointly and severally, have

violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that

Plaintiff worked in excess of forty (40) hours in a workweek.

44.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to

recover overtime wage differential, liquidated damages in an equal amount,

attorneys' fees, and the costs of this litigation.

## VII.  **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the

FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16

and all other remedies allowed under the FLSA; and,

(B)   Grant declaratory judgment declaring that Plaintiff's rights have been

violated;

(C)   Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted the 6th day of May, 2011.

**BARRETT & FARAHANY, LLP**


s/ Benjamin B. Kandy
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for James Allen

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile